**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KATHLENE KAITSCHUCK,<br><br>Plaintiff,<br><br>v.<br><br>DOC'S DRUGS, LTD, and JEFF HARAN,<br><br>Defendants. | Case No. 1:13-cv-01985<br><br>Hon. Judge Samuel Der-Yeghiayan<br>Hon. Mag. Judge Sidney I. Schenkier |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

**FACTUAL STATEMENT**

Defendants fully incorporate their Local Rule 56.1(a)(3) statement as if restated here.

Defendants briefly summarize the relevant facts as follows. Plaintiff is a former employee of

Doc's who worked as a Pharmacy Technician. Doc's terminated Plaintiff's employment on

January 10, 2012 because she failed to obtain the certification Doc's required in order for her to

retain her employment.

Plaintiff admits she knew of the certification requirement for two years prior to her

termination, and had two years to obtain the certification. During those two years, Plaintiff also

knew that keeping her job depended on obtaining the certification. Nonetheless, Plaintiff refused

to obtain the certification because she believed she should be "grandfathered" due to her years of

service, and objected to the studying requirements which would have been five to eight hours of

her personal time, because "my personal time is my personal time." During those two years,

Plaintiff never bothered to determine what was necessary to register for the examination.

Plaintiff informed her supervisor of her refusal to obtain the certification. Defendant's Local

Rule 56.1(a)(3)Statement of Undisputed Material Facts, ¶¶ 10-12 (hereinafter referred to as "Undisputed Stmt. Of Facts ¶ __")

Plaintiff admits that on October 24, 2011, she received another warning that if she failed to meet Doc's certification requirement by December 31, 2011, "then your position as a pharmacy technician will be terminated as of January 1, 2012."  Undisputed Stmt. Of Facts ¶ 15. Yet, Plaintiff again refused to obtain the certification, took no steps to obtain the certificate, and otherwise did nothing to save her job having had almost two years to do so.  Undisputed Stmt. Of Facts ¶ 16  Plaintiff essentially decided she would not take the test because she did not want to study for the test on her personal time.  Undisputed Stmt. Of Facts ¶ 11.

On January 10, 2012, Doc's accordingly implemented the decision in made two years prior: a Pharmacy Technician who fails to timely obtain certification would no longer be employed at Doc's. Undisputed Stmt. Of Facts ¶¶ 5, 9, 10, 17.  Indeed, the thirty six other Pharmacy Technicians who, like Plaintiff, were required to obtain Certification by December 31, 2011 had done so.  Undisputed Stmt. Of Facts ¶ 29.

Plaintiff now claims that Doc's terminated her employment for discriminatory reasons, and should have provided her an "accommodation" when she went on leave of absence on December 9, 2011.  Yet, knowing her job was in jeopardy, Plaintiff made no effort to obtain the certification, to ask for an extension, or to take any measure to save her job. Undisputed Stmt. Of Facts ¶ 22.  Plaintiff also admits she has not evidence that Doc's would have terminated her employment even if she had timely obtained the Certification.  Undisputed Stmt. Of Facts ¶ 28.

**ARGUMENT**

**Plaintiff's *Count II Fails*.**

Plaintiff labels Count II as a "retaliation" claim, but it really is merely a discrimination claim since Plaintiff never filed a claim for discrimination prior to her termination.  Plaintiff's

ADA discrimination claim fails because Plaintiff is not a qualified individual with a disability, and in any event, has no evidence that her alleged disability was the cause of her termination.

*Plaintiff is not a Qualified Individual with A Disability*

Plaintiff cannot pursue this claim because she is not a qualified individual with a disability due to the fact that she was not certified on the date of her termination. Any claim for discrimination under the ADA requires Plaintiff to show that she was a qualified individual with a disability. 42 U.S.C. § 12112(a). If Plaintiff cannot establish that she is a qualified individual with a disability, then her claim automatically fails, as she bears the burden of showing that he falls within the scope of the ADA's anti-discrimination provisions. *Kotwica v. Rose Packing Co.,* 637 F.3d 744**,** 748 (7th Cir.2011); *Basith v. Cook County,* 241 F.3d 919, 932 (7th Cir. 2001).

Whether someone meets the definition of a "qualified individual with a disability" (42 U.S.C. § 12111(9)) involves a two-step determination. 29 C.F.R. app. § 1630.2(m). First, the courts consider whether "the individual satisfies the prerequisites for the position, such as possessing the appropriate educational background, employment experience, skills, licenses, etc." *Bombard v. Fort Wayne Newspapers, Inc.,* 92 F.3d 560, 563 (7th Cir. 1996). If so, then courts must consider "whether or not the individual can perform the essential functions of the position held or desired, with or without reasonable accommodation." *Id.* The determination as to whether an individual is a "qualified individual with a disability" must be made as of the time of the employment decision. *Id.* Plaintiff herein cannot meet her burden to show that she is a "qualified individual with a disability."

For purposes of motion only, Defendants agree Plaintiff is disabled. Plaintiff, however, cannot meet the first step of the qualified individual test because she did not hold the requisite Pharmacy Technician Certification on the date of her termination.

Doc's minimum qualification for a Pharmacy Technician licensed before January 1, 2008 was to become certified before January 1, 2012. Plaintiff was licensed before January 1, 2008, and therefore needed to obtain certification from the PTCB before January 1, 2012 in order to meet the prerequisites for a Doc's Pharmacy Technician. Undisputed Stmt. Of Facts ¶ 7. Plaintiff did not have her certification by January 1, 2012, and therefore is not a qualified individual with a disability. This Court should accordingly enter judgment in Defendant's favor on the claim. *Bay v. Cassens Transport Co.,* 212 F. 3d 969, 979 (7th Cir. 2000)

*Plaintiff has no evidence that her disability was the but for cause of her termination.*

In addition to Plaintiff's lack of qualifications, she cannot meet her burden of proof on the issue of whether discrimination occurred. To survive this motion for summary judgment on her ADA discrimination claim, Plaintiff must produce evidence that would allow a reasonable jury to find that but for her disability, Doc's would not have terminated her employment. *Fleishman v. Continental Cas. Co.,* 698 F.3d 598, 603-604 (7th Cir.2012); *Serwatka v. Rockwell Automation, Inc.,* 591 F.3d 957, 961 (7th Cir.2010).

Plaintiff admits she has no reason to believe that if she had obtained her certification by January 1, 2012, that Doc's still would have terminated her employment. Undisputed Stmt. Of Facts ¶ 28. Plaintiff held the key to her continued employment. Nonetheless, Plaintiff believes Doc's may have terminated her employment due to a disability because she needed time off work in 2011, could not physically handle her job duties, and Mr. Haran asked her "you're having surgery again?" when she asked for a leave of absence in 2011. Undisputed Stmt. Of Facts ¶¶ 21, 25. This evidence is insufficient to survive this Motion.

Plaintiff can survive summary judgment under the direct or indirect methods of proof. *Fleishman,* 698 F. 3d at 603. Under the direct method, a plaintiff can present either direct or circumstantial evidence to meet its burden. *Dickerson v. Bd. of Trustees of Cmty. Coll. Dist. No.*

4

*522,* 657 F.3d 595, 601 (7th Cir. 2011) Direct evidence requires an admission by the decision maker that his or her actions were based upon the prohibited animus. *Id. Dickerson* also identifies the type of circumstantial evidence that a plaintiff may produce to survive summary judgment.

If Plaintiff wants to proceed under the direct method proof, she must rely on circumstantial evidence since there is no admission from Doc's that it terminated her employment because of a disability. Undisputed Stmt. Of Facts ¶ 25. Applying the first possible circumstantial evidence factor, there is nothing suspicious about the January 10, 2012 date of termination since that is the date Doc's first learned that Plaintiff had not obtained her certification by the January 1, 2012 deadline. Nor is there evidence of employees systematically receiving better treatment.

Plaintiff's alleged evidence of discrimination then reduces to a statement made on November 30, 2011 by Doc's Controller. In response to Plaintiff's request for medical leave, Mr. Haran allegedly said "you're having surgery again?" Undisputed Stmt. Of Facts ¶ 21. This alleged statement, however, is too ambiguous and isolated to constitute direct evidence of discrimination. *Fleishman,* 698 F. 3d at 604-05. First, the statement is devoid of any indication that Mr. Haran's motivation was disability related. This ambiguity alone obviates this comment's relevance. *Id.*

Second*,* there is no evidence of a connection between this comment and Doc's decision to terminate Plaintiff's employment, another reason to disregard it. *Id.* Plaintiff admits that on October 24, 2011, she received a letter informing her that if she has not obtained the Pharmacy Technician certification by January 1, 2012, Doc's would terminate her employment. Plaintiff admits she had known since January, 2010 that if she did not obtain her Pharmacy Technician

certification by January 1, 2012, Doc's would terminate her employment. This evidence demonstrates that long before the November 30, 2011 statement attributed to Mr. Haran, Doc's had decided to terminate Plaintiff's employment if she did not obtain her Pharmacy Technician certification by January 1, 2012.

Third, this comment is not probative of discrimination unless it was contemporaneous with the adverse action or causally related to the decision-making process. *Markel v. Bd of Regents of Univ. of Wis. Sys.,* 276 F.3d 906, 910–11 (7th Cir.2002). The comment Plaintiff attributes to Mr. Haran occurred six weeks before the termination date. This is not "contemporaneous". See *Markel, 276 F.3d at 910–11.* Plaintiff cannot establish her disability claim under the direct method of proof.

With no direct evidence of discrimination, Plaintiff must rely on the indirect method of proof. A plaintiff first must present evidence to meet the elements of a prima facie listed *Dickerson,* 657 F.3d at 599–600. If Plaintiff can present evidence to support a prima facie case, the burden of production then shifts to Doc's to offer a legitimate, nondiscriminatory reason for the adverse employment action. *Id.* If Doc's meets this minimal burden, Plaintiff must demonstrate that the reasons offered were pretextual. *Id.*

Plaintiff, however, also cannot establish her disability discrimination claims under the indirect method of proof. Failure to provide evidence employees outside the protected class being treated more favorably dooms Plaintiff's discrimination claim. *Antonetti v. Abbott Laboratories,* 563 F.3d 587, 592 (7th Cir. 2009). Persons similarly-situated to Plaintiff, i.e. Pharmacy Technicians licensed prior January 1, 2008, obtained their certification by January 1, 2010. Undisputed Stmt. Of Facts ¶ 29.

Plaintiff claims Doc's should have required store managers to obtain Pharmacy Technician certification because they sometimes assist in the pharmacy during busy periods. Courts, however, do not sit as "super-personnel departments" in discrimination cases. *See, e .g., Grayson v. O'Neill,* 308 F.3d 808, 820 (7th Cir.2002). Thus, it is not appropriate for Plaintiff to challenge Doc's decision to require all pharmacy technicians, regardless of age or disability, to obtain Pharmacy Technician certification, but not require the same of Store Managers.

Moreover, Store Managers are not similarly-situated to Plaintiff due to their different primary duties, different supervision, and the minimal time they spend in the pharmacy performing administerial tasks. Undisputed Stmt. Of Facts ¶¶ 30-39. With no evidence of Doc's treating similarly-situated persons more favorably, Plaintiff cannot make a prima facie case of discrimination.

Even if Plaintiff could make a prima facie case of discrimination, Doc's has articulated a legitimate, non-discriminatory reason for the termination, which is failure to obtain the Pharmacy Technician Certification. Plaintiff cannot show this reason is pretextual.

*Sanchez v. Henderson,* 188 F.3d 740, 746 (7th Cir.1999) details how a plaintiff may establish pretext, which Plaintiff must basically prove the stated reason is a lie. Here, the only evidence upon which Plaintiff relies for disability discrimination is an alleged comment Jeff Haran made on November 30, 2011 asking if she "was having surgery again." This alleged comment does not change the fact that Doc's had decided nearly two years earlier to terminate any Pharmacy Technician who was licensed before January 1, 2008 and who failed to obtain the Certification by December 31, 2011. Doc's reaffirmed this decision with its October 24, 2011 letter to Plaintiff informing her that if she has not obtained the Pharmacy Technician certification by December 31, 2011, then Doc's would terminate her employment. Mr. Haran's ambiguous

statement made after the decision to terminate had been made cannot possibly be evidence to show that a decision made before the statement was discriminatory. See e.g. *Cichon v. Exelon Generation Co.,* 401 F.3d 803, 811 (7th Cir.2005); *Clark County Sch. Dist. v. Breeden,* 532 U.S. 268, 273, 121 S. Ct. 1508, 149 L. Ed. 2d 509 (2001). Plaintiff cannot sustain her burden to produce evidence that Doc's terminated her employment because of a disability.

### Count III, Failure to request accommodation

Plaintiff claims Doc's should have accommodated her alleged disability by providing her with an extension of time to obtain the Certification. This claim fails because Plaintiff is not a Qualified Individual with a Disability, and she never requested accommodation, an essential element of a failure to accommodate claim. Indeed, Plaintiff's refusal to take the examination during the two years prior to her termination belies any claim that she would have taken the exam if Doc's had given her more time.

Any claim for discrimination under the ADA, including failure to accommodate, requires Plaintiff to show that she was a qualified individual with a disability. 42 U.S.C. § 12112(a). As Doc's previously established in this Brief, Plaintiff is not a QUID. Employers are not required to excuse or "accommodate" prerequisites for employment. *Johnson v. Board of Trustees,* 666 F. 3d 561, 565 (9th Cir. 2011)(Employee who failed to timely renew her teaching certificate due to suffering from a major depressive episode was not a QUID, and employer was not required to consider accommodation of this prerequisite for continued employment)

Moreover, Plaintiff admits she never requested more time to obtain the examination. Undisputed Stmt. Of Facts ¶ 22. "The standard rule is that a plaintiff must normally request an accommodation before liability under the ADA attaches." *Fleishman v. Cont'l Cas. Co.,* 698 F.3d 598, 608 (7th Cir. 2012) (quoting *Jovanovic v. Emerson Elec. Co.,* 201 F.3d 894, 899 (7th Cir.2000)) Plaintiff also admits there was nothing stopping her from seeking an accommodation.

More responsibility is expected from someone in Plaintiff's position who knew for two years that her continued employment depended on obtaining the Pharmacy Technician Certification, and who had been specifically warned on October 24 that she would be terminated on January 1, 2012. That warning occurred more than a month before Plaintiff asked for leave of absence. The Certification examination was offered weekly, several times per week. Undisputed Stmt. Of Facts ¶ 15.

Rather than seeking an extension, Plaintiff made clear to Doc's that she would not be taking the examination. Plaintiff had two years to obtain the certification. Plaintiff informed Doc's she would not be obtaining the certification. Plaintiff had essentially decided that because she thought she should be exempt, and because she objected to studying on her personal time, she would not be obtaining the certification. Undisputed Stmt. Of Facts ¶ 11. In fact, from the date of her termination to this day, Plaintiff has been unable to obtain the certification because she does not have time to study. Undisputed Stmt. Of Facts ¶ 22. In addition to Plaintiff's obvious intent to not obtain the certification, the fact that she does not have time to study defeats any claim that giving her more time to obtain the certification would have been a reasonable accommodation. Plaintiff's failure to request an accommodation also dooms her ADA failure to accommodate claim.

***Count IV- Plaintiff Cannot Present Evidence Of Age Discrimination.***

Like Plaintiff's ADA discrimination claim (Count II), to survive this motion for summary judgment, she must produce evidence that would allow a reasonable jury to find that but for her disability, Doc's would not have terminated her employment. *Fleishman v. Continental Cas. Co.,* 698 F.3d 598, 603-604 (7th Cir.2012). Plaintiff can meet this burden using either the direct or indirect methods, both of which have the same elements as those applicable to Plaintiff's ADA claim. *Fleishman,* 698 F.3d at 603 and 609.

Plaintiff admits that her only evidence that Doc's may have terminated her employment because of age is due to her belief that she was the oldest person at the Braidwood store and because younger employees were applying for jobs. Undisputed Stmt. Of Facts ¶ 24. Plaintiff is incorrect that she was the oldest person at the Braidwood store. Moreover, Doc's employed 62 persons out of 237 employees who were older than Plaintiff. Undisputed Stmt. Of Facts ¶ 24. Plaintiff's beliefs certainly are not direct evidence of age discrimination. Nor can she prove her claim indirectly since the lack of any proper comparison group treated more favorable dooms her claim. *Fleishman,* 698 F.3d at 609. Plaintiff cannot show the reason for her termination was pretext for age discrimination for the same reasons Defendants detailed in response to her disability claim. Summary judgment on Count IV is appropriate

**Count V-ERISA.**

Plaintiff claims in Count V that Doc's terminated her employment because she exercised her right to obtain short term disability benefits and in order to prevent her from obtaining further benefits. Plaintiff admits that she believes that Doc's may have terminated her employment so that she would no longer get short-term disability benefits *solely* because she believed they weren't happy she was having surgery again. Undisputed Stmt. Of Facts ¶ 25. This claim fails since the alleged plan not an ERISA plan. Also, Plaintiff has no evidence from which a reasonable jury could conclude that Doc's terminated her employment with the specific intent of preventing or retaliating for the use of benefits.

Like Plaintiff's other discrimination claims, Plaintiff can prove a violation of ERISA § 510 directly or indirectly. *Isbell v. Allstate Ins. Co. .,* 418 F.3d 788, 796 (7th Cir.2005). Because Plaintiff again has no direct or circumstantial evidence that Doc's fired her for the purpose of depriving her of benefits, she must proceed indirectly. *Id*

Under the indirect method, Plaintiff can establish a *prima facie* case with evidence that (1) she was a member of an ERISA plan, (2) she was qualified for the position, and (3) she was discharged under circumstances that provide some basis for believing that Doc's intended to deprive her of benefits. *Kampmier v. Emeritus Corp.,* 472 F.3d 930, 943 (7th Cir.2007) (citing *Grottkau v. Sky Climber, Inc.,* 79 F.3d 70, 73 (7th Cir.1996)). In other words, "[t] o prove a violation of section 510, plaintiffs must establish more than a loss of benefits; they must demonstrate that their employers terminated them with the specific intent of preventing or retaliating for the use of benefits." *Lindemann v. Mobil Oil Corp.,* 141 F.3d 290, 295 (7th Cir.1998). Otherwise, "no action lies where the alleged loss of rights is a mere consequence, as opposed to a motivating factor behind the termination." *Meredith v. Navistar Int'l Transp. Corp.,* 935 F.2d 124, 127 (7th Cir.1991) (internal quotation mark and citations omitted).

First, Plaintiff's claim fails since she is not a member of an ERISA plan. The absence of an ERISA-governed welfare plan necessarily forecloses an ERISA section 510 claim. *Bilow v. Much Sheilist,* 67 F. Supp. 2d 955, 963 (N.D. Ill. 1999)

29 U.S.C. § 1002(1) defines an "employee welfare benefit plan." *Ed Miniat, Inc. v. Globe Life Ins. Group, Inc.,* 805 F.2d 732, 738 (7th Cir.1986) The short term disability plan at issue here is not an employee welfare benefit plan under the ERISA regulations. This STD plan meets the terms of this "Safe Harbor" provision (29 C.F.R. § 2510.3–1(j) (2013)) because: (1) Doc's made no contributions to the plan; (2) participation in the program is completely voluntary for employees; (3) Doc's sole functions with respect to the plan, without endorsing it, was to permit the insurer to publicize the program to employees  to collect premiums through payroll deductions, and to remit them to the insurer; and (4) Doc's received no consideration in the form of cash or otherwise in connection with the plan.  Undisputed Stmt. Of  Facts ¶ 40.

Also, Plaintiff has no evidence from which a reasonable jury could conclude that Doc's terminated her employment with the specific intent of preventing or retaliating for the use of benefits. An employer does not have the requisite intent to violate § 510 when it had no economic incentive to take the allegedly adverse action. *See Little v. Cox's Supermarkets,* 71 F.3d 637, 644 (7th Cir.1995) (finding that a potential saving of $216 could not be viewed as a motivating factor in the employee's discharge). Here, where Doc's does pays neither the premiums nor the benefits in connection with this plan, there is zero economic incentive to prevent Plaintiff from receiving benefits. Summary judgment on this Count is appropriate.

### Count VI-FMLA INTERFERENCE.

Count VI of Plaintiff's complaint alleges that Doc's interfered with her rights under the FMLA when it terminated her employment *Smith v. Hope Sch.,* 560 F.3d 694, 702 (7th Cir.2009) list the elements of this claim. Plaintiff's claim fails since she cannot show that Doc's denied her FMLA.benefits to which she was entitled.

The FMLA provides workers with unpaid leave for "a total of 12 workweeks of leave during any 12–month period" for specified reasons. 29 U.S .C. § 2612(a)(1)(D). Here, the undisputed evidence establishes that Plaintiff was not entitled to FMLA leave as of December 9, 2011 since she had exhausted her 12 week entitlement as of approximately August 12, 2011. Undisputed Stmt. Of Facts ¶ 19. Under the terms of Plaintiff's May 2011 leave of absence, she would have next been eligible for FMLA leave on May 11, 2012. As Plaintiff had no entitlement to FMLA leave on December 9, 2011, or on the date of her termination, January 10, 2012, her termination could not have violated her FMLA rights, and this claim must fail. *Palao v. Fel-Pro., Inc.,* 117 F. Supp. 2d 764, 769 (N.D. Ill. 2000) ("The statute entitles an employee to a *total* of 12 workweeks of leave per 12-month period. Accordingly, Fel-Pro's motion for summary judgment is granted as to Palao's FMLA claim.")(Original emphasis)

Further, even if Plaintiff could have established that she was entitled to FMLA leave in January 2012, an employer may terminate an employee, even while on leave, if the employer had reason to justify termination had the leave not been taken. *Daugherty v. Wabash Center, Inc.,* 577 f. 3D 747, 750 (7TH Cir. 2009)   Here, Plaintiff admittedly had not obtained her certification. That was a legitimate reason for Plaintiff's termination even if she had not taken leave of absence.  Summary Judgment on this Count is proper.

### Count VII-FMLA RETALIATION.

Plaintiff claims in this count that Doc's terminated her employment in retaliation for using FMLA leave.  Since her only FMLA leave expired in August 2011, this allegation must be that Doc's terminated her employment on January 10, 2012 in retaliation for her using FMLA leave from May to August, 2011.

Plaintiff admits the only evidence she has to support the possibility that Doc's terminated her because she exercised rights under FMLA is her belief that Doc's was not happy with her. Undisputed Stmt. Of  Facts ¶ 27.  The basis for this belief is again Mr. Haran's statement asking if she's having surgery again.

Like her other discrimination claims, Plaintiff may proceed under the indirect or direct method of proof.  *Burnett v. LFW Inc.,* 472 F.3d 471, 481 (7th Cir. 2006)  Plaintiff cannot proceed under the indirect method since she has no evidence Doc's treated her differently from similarly situated employees who did not request FMLA leave  *Smith,* 560 F.3d at 702.

*Cracco v. Vitran Express, Inc.,* 559 F.3d 625, 636 (7th Cir.2009).details the elements under the direct method of proof.  Plaintiff cannot establish a causal connection between the protected activity and adverse employment action.

Plaintiff has no evidence from which a reasonable jury can determine that the January 10, 2012 termination was in retaliation for FMLA rights exercised five months earlier.  The evidence

is to the contrary. First, there is the fact fatal to all Plaintiff's discrimination claims that the decision to terminate was made two years earlier when Doc's established the certification requirement. Next, rather than retaliate when Plaintiff's FMLA expired in August, 2011, Doc's extended the leave by six weeks. Undisputed Stmt. Of Facts ¶ 19. Further, rather than lay in wait and terminate Plaintiff's employment when she did not receive the certification, Doc's gave Plaintiff an explicit warning, and the opportunity to obtain the certification. As of the date of the warning, October 24, 2011, the test was available to Plaintiff several times each week. Summary judgment on this Count is proper.

***Count I-Intentional Infliction of Emotional Distress.***

With Plaintiff's federal claims dismissed, this Court has the discretion to continue to exercise supplemental jurisdiction over Plaintiff's state law intentional infliction of emotional distress ("IIED") claim. "Retention of a state-law claim is appropriate when the correct disposition of the claim is 'so clear as a matter of state law that it can be determined without further trial proceedings and without entanglement with any difficult issues of state law'." 28 U.S.C. ¶ 1367(c)(3). *Wright v. Associated Ins. Companies, Inc.,* 29 F.3d 1244, 1252 (7th Cir. 1994) (Citing B*razinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1182 (7th Cir. 1993) Plaintiff's failure to have evidence to support this IIED claim is very clear.

*Shamim v. Siemens Industry, Inc.,* 854 F. Supp. 2d 496, 511 (N.D. Ill. 2012) details the elements of an IIED claim. Plaintiff cannot establish the first element, which is that the defendant's conduct was extreme and outrageous. *Shamim* noted "In those cases where courts have found outrageous behavior, it is because 'defendants threatened to exercise their power to coerce plaintiffs into doing something they would not otherwise do.'" (citations omitted). *Id.* At 512. *Shamim* dismissed the plaintiff's IIED complaint because there were no allegations that he was threatened or coerced into engaging in any sort of activity.

Here, the basis for Plaintiff's claim that Defendants' conduct was extreme and outrageous is the allegation that "Defendants conduct to terminate Kathy, an employee that provided twenty-nine years of diligent service, with an oral statement to her husband while she was on approved medical leave recovering from painful surgery was extreme and outrageous." (Complaint ¶ 78) There is no allegation of threats or coercion. Plaintiff admits that by requiring certification in order to remain employed, Doc's was not giving her the choice of doing something illegal or be fired. . Undisputed Stmt. Of Facts ¶ 23.

Finally, where any alleged distress resulted from Doc's enforcing its legitimate interest in having its Pharmacy Technicians certified, there can be no claim. *Van Stan v. Fancy Colours & Co.,* 125 F.3d 563, 568 (7th Cir.1997); It therefore serves no purpose to require the parties to relitigate these issues before a state court.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Honorable Court enter Judgment on Doc's behalf on Counts II through VII, and on behalf of both Defendants for Count I.

Respectfully Submitted,

Doc's Drugs, LTD and Jeff Haran. .

By:*/s/David L. Miller*_____
One of the attorneys for Defendants

David L. Miller ARDC #6195953
Rock Fusco & Connelly
321 N. Clark Street, Suite 2200
Chicago, Illinois 60654
Telephone: (312) 494.1000
Facsimile: (312) 494.1001